EASTERN DIST.
*May*, 1836.

MILLAUDON
ET AL.
*vs.*
PERCY ET AL.

---

### MILLAUDON ET AL. *vs.* PERCY ET AL.

#### ON AN APPLICATION FOR A RE-HEARING.

Where interest is stipulated to be paid on a balance of a sum of money, as soon as it is demanded, and a delay or refusal to pay ; and no demand is shown by the party claiming it, the interest will not be allowed.

The defendants in a judgment, who were required to pay a certain sum of money into court, for distribution among the stockholders of a bank, may retain in their hands the amount due them, as a part of the stockholders who are to be paid.

*Macready*, for the plaintiffs in injunction, prayed for a re-hearing in this case, on the following grounds :

1. The judgment does not give full effect to the agreement between the parties, which states that the defendants in the judgment shall not be required or bound to pay over, either

to the sheriff, or the plaintiffs in the judgment, the amount of stock held by them, and the sums which are due to them as stockholders.

2. The court in its recent judgment says, these parties shall be permitted to retain, out of the amount of the original judgment against them, the amount of the debts due to them as stockholders of the bank. But it does not give them the right of retaining in their hands what is due to them for their own stock; so that the agreement is only supported in part.

3. It would be nugatory to compel them to pay over to the sheriff a sum of money, which they would have a right to demand from him the next instant.

They pray that the judgment be so amended as to allow them to retain in their hands the amount coming to them as stockholders of the Planters' Bank, as shown by the tableau of distribution.

*Hennen*, contra, prayed that the judgment be further amended, requiring the defendants in the original judgment to pay interest on the balance due according to the agreement between the parties.

*Martin, J.*, delivered the opinion of the court.

In this case a re-hearing has been granted, on the application of the plaintiffs in the injunction. They claim to be exempted from the obligation of paying into court the sum which is due to them as stockholders of the Planters' Bank.

This exemption is claimed under an agreement with the plaintiffs in the original judgment against them, and now defendants in injunction, and who do not deny it, but contend that if the judgment be amended, so as to give the benefit of this agreement to these parties, it ought also to be amended, in order to allow them the benefit of another part of the same agreement, and in which they set up a claim for interest.

It appears to the court, that this latter demand, set up by the defendants in this injunction, cannot be allowed, because by the very terms of the agreement, interest was only to run on the balance due, from the time it was demanded, and

*Margin notes:*

EASTERN DIST.
*May*, 1836.

MILLAUDON
ET AL.
*vs.*
PERCY ET AL.

Where interest is stipulated to be paid on a balance of a sum of money, as soon as it is demanded, and a delay or refusal to pay; and no demand is shown by the party claiming it, the interest will not be allowed.

The defendants in a judgment, who were required to pay a certain sum of money into court, for distribution among

EASTERN DIST. *May,* 1836.

payment was delayed or refused; and no demand is shown to have been made.

It is, therefore, ordered, adjudged and decreed, that the judgment heretofore pronounced in this case be amended; and that the plaintiffs be exonerated from the obligation of paying into court the amount due them as stockholders, according to the sums allowed them on the tableau; and that the remaining parts of the said judgment remain undisturbed.